Jake Jefferson v. State.

No. 2189. Decided January 8, 1913.

</div>

Murder—Jury and Jury Law—County of Residence—Practice on Appeal—Bill of Exceptions.

    Where the question, that the juror was incompetent because he was not a legal resident of the county of the prosecution was raised for the first time in the motion for new trial, the same could not be considered on appeal; besides, defendant accepted the qualification to his bill of exceptions which showed that the juror was a legal resident of said county.

Appeal from the District Court of Falls. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E? Lane,* Assistant Attorney-General, and *Tom Connally,* and *Frank Oltorf,* for the State.—On question of accepting qualification of bill of exceptions: Mays v. State, 36 Texas Crim. Rep., 437; Williamson v. State, id, 225; Sutton v. State, 31 Texas Crim. Rep., 297; Lane v. State, 29 Texas Crim. App., 310; Leeper v. State, id, 63.

HARPER, JUDGE.—Appellant was prosecuted under an indictment charging him with murder, and convicted of manslaughter.

The only matter complained of in a way we can review it is presented in bill of exceptions No. 1, wherein it is claimed that W. H. Blaylock was an incompetent juror, in that he was not a legal resident of Falls County at the date of this trial. The testimony adduced when this motion was heard is not brought up in the record, consequently we must accept the conclusion of the judge on the evidence. In approving the bill he states: "On the presentation to the court of the affidavit attached to defendant's motion for new trial, and upon the hearing of said motion, the court heard oral testimony as to the qualification of the juror Blalock. The juror testifies that he had lived in Marlin, Falls County, Texas, prior to 1911; that he married there and lived there afterwards; that he moved to Taylor, Texas, and lived for a while, but removed to Marlin in December, 1911, and that he moved all of his household goods, etc., to Marlin; that he went to Oklahoma, intending, if he should find a satisfactory business location, to live there; that he left his household goods at Marlin, and regarded Marlin as his home until such a time as he should find a satisfactory location and should establish a permanent home; that he paid his poll tax in Falls County, Texas, in January, 1912; that he did not find a satisfactory location in Oklahoma and for that reason returned to Marlin, and was residing there at the time of being summoned as a juror. The court after hearing the evidence, and the testimony of the juror, found as a fact that the juror's legal residence was in Falls County, Texas, and that he was a qualified juror in said cause." The defendant accepts the bill as qualified by the judge, and the testimony not being before us, and the record being in this condition, we must conclude that the court did not err in holding the juror a legal resident of Falls County and a qualified juror. In addition to this it is too late to raise it for the first time in motion for new trial.

The judgment is affirmed.

*Affirmed.*